IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-03037-CNS-TPO

HAQIKAH KERR,

  Plaintiff,

v.

CRYOGENIC INDUSTRIAL SOLUTIONS,

  Defendant.

---

**ORDER**

---

Before the Court are Plaintiff's Objections, *see* ECF No. 144, to the Magistrate Judge's Report and Recommendation, ECF No. 133, as well as Defendant's Response to Plaintiff's Objections, ECF No. 149.[1] For the following reasons, the Court OVERRULES Plaintiff's Objections, and AFFIRMS and ADOPTS the United States Magistrate Judge's Report and Recommendation as an Order of this Court. Accordingly, Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint, ECF No. 53, is GRANTED. Plaintiff's Title VII claim is DISMISSED WITH PREJUDICE. Plaintiff's 42 U.S.C. § 1981 claim is DISMISSED WITHOUT PREJUDICE. Plaintiff's Motion for Leave to File Fifth Amended Complaint, ECF No. 122, is DENIED.

---

[1] Plaintiff sought leave to file her Objections out of time. *See* ECF No. 144. The Court granted Plaintiff's request to file her Objections out of time and accepted her Objections for filing. Defendants timely filed its Response to Plaintiff's Objections. ECF No. 149.

1

In light of the above ruling, the Court DENIES AS MOOT the following motions: Plaintiff's Motion for Summary Judgment, ECF No. 142; Plaintiff's Motion to Determine Sufficiency of Answers and to Deem Certain RFAs Admitted, ECF No. 143; Plaintiff's Motion for Leave to Reopen Discovery for Limited Purpose to Determine Sufficiency of RFAs, ECF No. 145; and Plaintiff's Motion for Leave to Supplement Objections to Magistrate Judge's Report and Recommendation, ECF No. 147. The Court DENIES Plaintiff's Motions for Sanctions Pursuant to Fed. R. Civ. P. 37. ECF No. 141.

## I.    SUMMARY FOR *PRO SE* PLAINTIFF

The magistrate judge recommended dismissing your two claims. First, he recommended dismissing your Title VII claim with prejudice because it is untimely. Because your objection to this recommendation is too general, and because the Court agrees with the magistrate judge that your claim is untimely, the Court adopts the recommendation to dismiss this claim with prejudice.

Second, the magistrate judge recommended dismissing your claim under Section 1981 without prejudice. You also did not object to this recommendation with enough specificity. But the Court agrees with the magistrate judge that dismissal of this claim is proper. However, as explained below, the Court will let you file an amended complaint, but *only* as to your Section 1981 claim. If you cannot correct the problems with this claim that the magistrate judge identified and discussed in his recommendation, the Court may dismiss any amended complaint you file *with* prejudice, since an amended complaint would be your fifth opportunity to plead a plausible claim for discrimination under the statute.

2

The Court also denies as moot many of your other motions, since it dismisses your claims based on the magistrate judge's recommendation and your inadequate objections. The Court notes that, in denying your motion for sanctions, you have failed to show any behavior on Defendant's part that is sanctionable. In its response to your sanctions motion, Defendant asked the Court to restrict your filing abilities. The Court declines to do so at this time, but could do so in the future if it becomes clear you are filing motions solely to harass Defendant, delay this proceeding, or waste Defendant's time or the Court's time.

## II.    DISCUSSION

Consistent with governing law, the magistrate judge apprised the parties in his recommendation that an objecting party "must specifically identify those findings or recommendations to which the objections are being made." ECF No. 133 at 15 n.10. *See also United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.") The magistrate judge further cautioned that the "District Court need not consider frivolous, conclusive, or general objections." ECF No. 133 at 15 n.10. *See also Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) ("[A] generalized objection . . . is insufficient." (citation modified)).

The Court agrees with Defendant that Plaintiff's Objections are, despite the magistrate judge's clear precautionary remarks, efforts to essentially allege new factual

content, ECF No. 149 at 1, and more fundamentally are improperly "conclusory and general," *id.* at 6. *See also id.* (arguing that Plaintiff's objections to magistrate judge's Title VII analysis are "unsupported by facts, by citations to authority, by argument or even with a rudimentary explanation"); *id.* at 7 (arguing that Plaintiff's § 1981 objections cite "no case law and advance no argument for why [the] recommendation was incorrect" (citation modified)).

Indeed, Plaintiff argues that the magistrate judge erred because "the claims are timely, the facts make the claims plausible under *Twombly/Iqbal*, and good cause exists for amendment." ECF No. 144 at 3. *See also id.* ("The facts show a plausible claim for discrimination and retaliation, not just a 'bad employer.'"). Simply arguing that her claims are timely in one sentence is too general to present a proper objection to the magistrate judge's thorough and comprehensive Title VII timeliness analysis. *Compare* ECF No. 144 at 3, *with* ECF No. 133 at 6–9; *and Zumwalt v. Astrue*, 220 F. App'x 770, 777 (10th Cir. 2007) (concluding "one-sentence objection [was] a conclusory assertion, not a reasoned argument"). Even considering Plaintiff's additional arguments, *see Schupper*, 708 F. App'x 943 at 946, by providing the Objections with a liberal construction—for instance, that she is part of a "protected class" and that comparators existed who were treated more favorably—such arguments are likewise too general, and do not focus on the specific reasons the magistrate judge provided for recommending dismissal of her claims, or why those reasons were wrong. *Compare* ECF No. 144 at 3, *with* ECF No. 133 at 9–11. Regardless, and more fundamentally, they could not provide such focus, as such specific "comparators" do not appear in the operative complaint at all, and thus constitute an

impermissible effort to supplement the operative complaint's factual allegations. *See* ECF No. 149 at 6; *Runkle v. Colorado*, No. 1:22–cv–03252–WJM–SBP, 2023 WL 9799116, at *2 n.2 (D. Colo. Aug. 29, 2023), *report and recommendation adopted sub nom. Runkle v. State of Colorado*, No. 22–cv–3252–WJM–SBP, 2024 WL 810024 (D. Colo. Feb. 27, 2024).

In sum: Plaintiff's objections to the Recommendation's analyses are too conclusory and not specific. *See Zumwalt*, 220 F. App'x at 777. And the remainder of Plaintiff's arguments are essentially improper efforts to supplement her allegations. *See Runkle*, 2023 WL 9799116, at *2 n.2. For these reasons, the Court agrees with Defendant that Plaintiff has failed to present adequate objections and show why the magistrate judge erred. Regardless, the Court agrees with the magistrate judge's well-reasoned recommendation that dismissal of Plaintiff's claims is proper. *See, e.g., David v. Crow*, No. CIV–21–534–SLP, 2024 WL 3470645, at *2 (W.D. Okla. July 19, 2024) (concluding that "based on the conclusory nature" of a plaintiff's objection that plaintiff "waived any objection" to magistrate judge's recommendation and "alternatively . . . wholly concur[ring] with" the magistrate judge's "conclusions" (citation modified)); *Frederickson v. Kenneth*, No. 1:22–cv–00262–CNS–MDB, 2023 WL 2674421, at *2 (D. Colo. Mar. 29, 2023). Especially where it is clear on the face of the record that Plaintiff's Title VII claims are untimely, and there is no reason to excuse this tardiness. *See* ECF No. 133 at 7 n.5, 7–8.

The Court noted above that it denies Plaintiff's sanctions motion. *See* ECF No. 141. It does so because Plaintiff's motion is two-pages long and makes no effort to explain

why or how Defendant's conduct has risen to the level of being sanctionable under Rule 37. *See id*. Indeed, much of the motion appears written in sentence fragments that are unrelated to Rule 37's sanctions standard. *See id*. at 2 ("Prejudice: Henders proving plausible claim under Twombly/Iqbal—burden shifts, their zero evidence fails."). Accordingly, Plaintiff has failed to meet her burden of showing that sanctions under Rule 37, or sanctions under any standard, are warranted. *See, e.g., Lieberenz v. Bd. of Cnty. Commissioners of Cnty. of Saguache Colorado*, No. 1:21–cv–00628–NYW–NRN, 2023 WL 4748667, at *7 (D. Colo. Jan. 6, 2023) ("The party seeking sanctions has the burden of proof to show that the requirements for imposing them have been met.") That said, even after reviewing the docket and Plaintiff's numerous filings, the Court declines at this time to impose upon Plaintiff a filing restriction. *Cf*. ECF No. 150 at 3. Despite the Court's rejection of Defendant's request for such a restriction *at this time*, *see id*., it reserves the right to revisit such a request should Plaintiff in the future file any documents, motions, or pleadings whose purpose is clearly intended to unduly delay this proceeding, waste Defendant's or the Court's time, or harass Defendant.

* * *

Consistent with the above analysis, the Court OVERRULES Plaintiff's Objections, ECF No. 144, and AFFIRMS AND ADOPTS the United States Magistrate Judge's Report and Recommendation, ECF No. 133, as an Order of this Court. Accordingly, Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint, ECF No. 53, is GRANTED. Plaintiff's Title VII claim is DISMISSED WITH PREJUDICE. Plaintiff's 42 U.S.C. § 1981

claim is DISMISSED WITHOUT PREJUDICE. Plaintiff's Motion for Leave to File Fifth Amended Complaint, ECF No. 122, is DENIED.

Plaintiff may, should she choose to do so, and believes she can correct the problems with her allegations identified by the magistrate judge in his Recommendation, file an amended complaint within 14 days of this order, but *only* as to her § 1981 claim.

The Court further DENIES AS MOOT the following motions: Plaintiff's Motion for Summary Judgment, ECF No. 142; Plaintiff's Motion to Determine Sufficiency of Answers and to Deem Certain RFAs Admitted, ECF No. 143; Plaintiff's Motion for Leave to Reopen Discovery for Limited Purpose to Determine Sufficiency of RFAs, ECF No. 145; and Plaintiff's Motion for Leave to Supplement Objections to Magistrate Judge's Report and Recommendation, ECF No. 147. The Court DENIES Plaintiff's Motions for Sanctions Pursuant to Fed. R. Civ. P. 37. ECF No. 141.

DATED this 25th day of March 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge